## Stoughton *v.* Vogt, Appellant.

*Sales—Sales of stock—Agreement to purchase—Case for jury.*

In an action on a verbal contract to return the purchase price of some oil stock, if the purchaser became dissatisfied, the case is for the jury and a verdict for plaintiff will be sustained, where the issue is one of fact as to the terms of the verbal contract and there is sufficient evidence, if believed, to support the verdict.

In such case, on the evidence presented, the plaintiff was not bound to make a formal tender of the stock before bringing his action. He was not proposing to rescind on account of fraud or to seek any other equitable relief. His action was based on a contract and nothing in the case warranted the conclusion that any right he had under the contract was lost by lapse of time.

Argued April 20, 1926. Appeal No. 83, April T., 1926, by defendant, from judgment of C. P. Butler County, December T., 1925, No. 16, in the case of A. L. Stoughton v. C. J. Vogt. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on oral contract. Before SMITH, P. J., 34th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $500 and judgment thereon. Defendant appealed.

*Errors assigned* were various ruling on evidence, the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*J. Campbell Brandon,* and with him *John H. Wilson* and *W. D. Brandon,* for appellant.—The receipts given by the defendant at the time of the purchase of the stock contained no provision for repurchase. If the case is based on an effort to vary the written agree-

ment the testimony does not come up to the standard required to justify its submission to the jury: Ralston v. Phila. Rapid Transit Co., 267 Pa. 257; Horsey v. Ciaroro, 280 Pa. 513; Close v. Zell, 141 Pa. 390; Organ Company v. McManigal, 8 Pa. Superior Ct. 632-638; Wood v. Wood, 263 Pa. 521-526.

*James M. Galbreath,* and with him *Howard I. Painter,* for appellees.—The agreement to refund the money in the event of dissatisfaction on the part of the plaintiffs was an independent undertaking, and would not in any way merge into the contract of purchase of the stock: Shattuck v. Cunningham et al., 166 Pa. 381; Shrut v. Huselton et al., 272 Pa. 113; Hannan v. Carroll, 277 Pa. 32.

OPINION BY HENDERSON, J., July 8, 1926:

The plaintiff's action grows out of the sale of some shares of stock of the Mohawk Petroleum Company which the plaintiff was induced to buy, as alleged, at the earnest solicitation of the defendant, who was president of the company. The land leased or owned by the company and on which its explorations for oil were to be made was in Texas. The plaintiff had not seen the land and apparently relied on descriptions and prospects given to him by the defendant. He offered evidence to prove that he was disinclined to invest in the enterprise, not having personal knowledge of conditions in Texas, and that as an inducement to him to invest, the defendant agreed that if the plaintiff were dissatisfied with his purchase, he, the defendant, would refund the money and take back the stock. The subject was discussed for a considerable time and the offer to return the money and take the stock was repeated in substantially the same form or with the same legal effect. In the course of the negotiation it was stated by the defendant, according to the plaintiff's

evidence, that the stock was being sold to raise money to drill a well on a leasehold held by the company, and that judging from developments in nearby territory, the prospect for a good well was favorable. The plaintiff thereupon invested his money and took the shares. The development of the property was delayed and the plan to drill was abandoned. Just what was done with the money of the company does not appear, but it seems not to have been a successful enterprise. It was shown that the plaintiff complained of the failure to drill the well and expressed dissatisfaction with the business and called on the defendant to refund his money and take back the shares, and that the latter, in a letter written in February, 1922, stated that he was not in a position then to buy the stock. In conversations at other dates, it appears, from the evidence produced by the plaintiff, that the defendant said he could not at the time take the stock and that he put him off from time to time. The plaintiff does not rely on any misrepresentation or fraud in support of the action; the case being based on the express agreement of the defendant to return the money to the plaintiff if he were dissatisfied with the transaction. That such an agreement, if made, rests on a sufficient consideration, we think clear. It is true the money was paid to the defendant as the agent of the company, and it received the benefit arising therefrom, but the plaintiff parted with his money because the defendant personally agreed to return the payment should the plaintiff be dissatisfied with the deal. It does not now lie in the defendant's mouth to plead that the contract was without consideration when it produced for the defendant's company the money which is the subject of the controversy.

The doctrine of the variation of a written agreement is not involved in the case. From the plaintiff's point of view the sale of the stock was one transaction; the

agreement to refund the money if the plaintiff became dissatisfied was a separate undertaking, the entering into which was within the defendant's power if he chose to so obligate himself. It was the burden of the plaintiff to produce clear and satisfactory evidence of the making of the agreement: Close v. Zell, 141 Pa. 390. With respect to that we regard the testimony of the plaintiff and his wife, with such corroboration as is found in the defendant's letter above referred to, as sufficient to take the case to the jury. We are unable to observe the quality of an option in the agreement on which the plaintiff relies, as set forth in the statement of claim. The agreement was absolute to refund at the request of the plaintiff if he became dissatisfied with the investment. Nor can the defense be sustained on the theory of laches. The project of the defendant and the other promoters of the company involved the prosecution of a somewhat tedious oil development. Their plan called for the drilling of a well. This was delayed from time to time. The plaintiff got no account either of the well or the manner in which his money was used. He threatened to bring an action against the defendant, and this developed a proposition from the latter that the plaintiff could probably dispose of the stock to the defendant's attorneys, but they were not disposed to offer the amount which he had paid.

On the evidence presented the plaintiff was not bound to make a formal tender of the stock before bringing his action. He was not proposing to rescind on account of fraud or to seek any other equitable relief. His action was based on a contract and nothing in the case warrants the conclusion that any right he had under the contract was lost by lapse of time.

We do not understand that the evidence relating to the interview between the plaintiff and the defendant's attorneys, had at the suggestion of the defendant, was

admitted for any other purpose than that it tended to support the plaintiff's contention that the contract to refund had been made. It was not, so far as the plaintiff was concerned, an effort to compromise, although the defendant's counsel may have so understood it; their client was not present at the interview. The instruction to the jury made it plain that the plaintiff must establish the contract pleaded, and that he was not entitled to recover unless that were done. The suggestion of the defendant that the plaintiff see his, the defendant's, counsel about the disposal of the stock, had some bearing on the case. It may have been slight, but it was relevant and competent.

We are not convinced that it was the duty of the court to grant a new trial. The issue was without complication. The assertion of a verbal contract made on the part of the plaintiff and the denial of its existence on the part of the defendant, and the evidence, had not such complexity as was likely to confuse the jury. The case was fully and fairly presented by the trial judge and the record shows that it was well developed by the counsel who had the defendant's interest in charge at the trial. Clear error must be disclosed to support a reversal for the refusal of the court to grant a new trial. The strong argument in support of the appeal has not persuaded us that a reversible error was committed by the court.

The assignments are therefore overruled and the judgment affirmed.